FILED'10 MAR 31 2:44USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL J. KENNADAY,                                          CV. 07-6258-PA

        Petitioner,

v.                                                            OPINION AND ORDER

JAMES BARTLETT,

        Respondent.


KATHLEEN M. CORRELL
Attorney at Law
4300 NE Fremont, Suite 230
Portland, OR  97213

    Attorney for Petitioner

JOHN KROGER
Attorney General
JONATHAN W. DIEHL
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER

Panner, Judge.

Petitioner, an inmate at Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the legality of his sentencing, alleging ineffective assistance of appellate counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is DENIED.

## BACKGROUND

In December 1998, Petitioner was charged with ten felony sex offenses following allegations he sexually abused his step-daughter from 1993 to 1995. Following a trial by jury in January 2000, the trial court dismissed two counts (Counts 7 and 9) because of the potential for jury confusion. (Trial Tr. Vol 5 at 14.) The jury found Petitioner guilty of the remaining eight offenses: Counts 1, 2, 3, 4, 5, 6, 8, and 10. At sentencing on April 3, 2000, the court orally imposed sentences as follows:

> What I'm going to do is this, in regard to Counts 1, 2 and 4, which are the three Sex Abuse in the First Degree that all occurred prior to Measure 11, I am going to sentence the Defendant as an 8-I on all three of those to 16 months in the custody of the Department of Corrections. * * * I'm going to sentence those all **concurrent** to each other to that 16 months.
>
> Count 3, the Unlawful Penetration as a 10-I, I sentence the Defendant to 58 months in the custody of the Department of Corrections and I'm going to make that **consecutive** to Counts 1, 3[sic] and 4.
>
> * * *
>
> That drops us down to Count 5, the Rape in the First Degree, alleged to have occurred in 1994, I won't go through all my rambling reasons that I just gave again, I sentence the Defendant to 58 months in the custody of

2 - OPINION AND ORDER

> the Department of Corrections **consecutive** to the 16 months and **consecutive** to the 58 months, what I just gave him on Count 3.
>
> And that takes us to the Sodomy in the First Degree, Count 6. For the same reason I sentence the Defendant to 58 months in the custody of the Department of Corrections **consecutive** to all other sentences, the 16 months, the 58 months, the 58 months. Then as to Count 8 and 10, the two sodomies that were under Measure 11, you get into the same kind of argument. * * * So the long and short of it is what I'm going to do on that is as to the two Measure 11 offenses, Count 8 and Count 10, I do sentence the Defendant to the custody of the Department of Corrections for 100 months on each one and I am going to make the sentence on those **two concurrent with each other, but consecutive to all the other sentences** that I've given him. So according to what I have on my little sheet here, **I have sentenced the Defendant to 16, 58, 58, 58 and 100 for a total of about 274 plus 16, my just quick math came out around 290.**

(Tr. Vol. 5, pp 18-21.)   (Emphasis added.)

Following the court's discussion of ancillary issues in sex crime sentencing, the court granted counsel's request that Petitioner remain in local custody for 48 hours. (*Id.* at 23-24.) The prosecutor, charged with preparing the written judgment, then made the following request:

> I would like the court's permission to do this, however. I would like to submit an order today for your signature which shows the particulars of each sentence, but **the form that I have doesn't give me enough space to spell out precisely how you chose to make them consecutive with each other**, Your Honor. What I would like to do is have this one be signed so it provides a basis for [Petitioner] to be transported and turned over to the Department of Corrections, and within about two weeks, **I'll submit an amended order with a copy to [counsel] so he can see the language that I'm including describing how the consecutives line up.** I think that would give a basis for the Department of Corrections to act and take him into, you know, receive him into

3 - OPINION AND ORDER

custody. And then this would catch up as to the, how the sentences precisely wind up.

(*Id.* at 25-26.) (Emphasis added.) When asked if he had any objection to the prosecutor's proposal, trial counsel replied, "No, Your Honor." The court found the proposal acceptable and signed the Judgment of Conviction and Sentence that did not reflect the consecutive sentencing. (Respt.'s Ex. 112.)

On or about April 14, 2000, the prosecutor sent a Draft Amended Judgment to the sentencing court. (Respt.'s Ex. 115, Affidavit.) On or about May 4, 2000, the prosecutor learned the court had not yet signed the Amended Judgment. (*Id.*) On or about May 9, 2000, Petitioner filed his Notice of Direct Appeal, and on or about May 11, 2000, he filed an Objection to Amended Sentence Order on the grounds an appeal had been filed and the court lacked jurisdiction to enter an amended order. (Respt.'s Ex. 114.) On or about May 12, 2000, the prosecutor filed the State's Motion to Modify Judgment and Sentence, referencing the draft for an amended judgment submitted on April 14th. (Respt.'s Ex. 115.) On or about May 25, 2000, trial counsel filed Objection to State's Motion to Modify Judgment and Sentence. (Respt.'s Ex. 116.) On or about August 16, 2000, the court held a hearing on the State's Motion to Modify Judgment and Sentence. After oral arguments, the court granted the motion. In correspondence addressed to Petitioner's appellate counsel, trial counsel raised the issue of the court's jurisdiction to amend the judgment and gave appellate counsel

4 - OPINION AND ORDER

citations to the state court cases he relied on in his oral argument. (Respt.'s Ex. 123, Attachment C.)

Petitioner directly appealed his conviction and sentencing, but did not raise as error issuance of the amended judgment. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. *State v. Kennaday*, 176 Or.App. 523, 32 P.3d 973, *rev. denied,* 333 Or. 162, 39 P.3d 192 (2001).

Petitioner filed for post-conviction relief (PCR), but was denied relief. Petitioner appealed the PCR court's decision, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Kennaday v. Barlett*, 212 Or.App. 712, 160 P.3d 639, *rev. denied,* 343 Or. 159, 164 P.3d 1160 (2007).

In the instant petition, Petitioner raises one claim of ineffective assistance of appellate counsel based on counsel's failure to challenge the validity of the amended judgment filed on or about August 16, 2000. Respondent argues the state court's adjudication is entitled to deference under 28 U.S.C. § 2254(d)(1).

## DISCUSSION

I.   **STANDARDS**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In construing this provision the Supreme Court stated: "[I]t seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). "We all agree that state court judgments must be upheld unless, after the closest examination of the state court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). The decision of the state PCR trial court is the basis for review in the instant proceeding.

    (1) <u>Contrary to, or unreasonable application of clearly established Federal law</u>

"'Clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Circuit court law may be used as guidance in determining whether a state court decision is an

6 - OPINION AND ORDER

unreasonable application of the law, but not for purposes of determining what the law is. *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 126 S.Ct. 484 (2005).

A state court decision is "contrary to" clearly established Federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the [Supreme] Court and nevertheless arrives at a result different from [the Supreme Court] precedent." *Lockyer*, 538 U.S. at 73 (internal quotations omitted).

A state court decision is an "unreasonable application" of clearly established Supreme Court law when "the state court identifies the correct governing legal principle [ ] but unreasonably applies that principle to the facts of the [ ] case." *Lambert*, 393 F.3d at 974 (citing *Williams*.)  The state court's application of law must be *objectively unreasonable*. *Id.* (emphasis added).  "Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [the law] incorrectly.  An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002), rehearing denied, 537 U.S. 1149 (2003) (internal citations omitted).  "[I]t is the habeas applicant's burden to show

7 - OPINION AND ORDER

that the state court applied [the law] to the facts of his case in an *objectively unreasonable manner*." *Id.* (emphasis added).

    (2)  <u>Law governing claims of ineffective assistance counsel</u>

Generally, *Strickland v. Washington*, 466 U.S. 668 (1987), governs claims of ineffective assistance of counsel, including those alleging ineffective assistance of appellate counsel. *Smith v. Murray*, 477 U.S. 527, 536 (1986.) For relief to be granted under *Strickland*, a petitioner must prove 1) that counsel's performance fell below an objective standard of reasonableness and, 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Strickland*, 466 U.S. 687-88. "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *see also Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) ("[U]nder the rule of contemporary assessment, an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his choices.").

## II. THE MERITS

In his Memorandum, Petitioner analyzes appellate counsel's failure to raise the issue of the amended judgement under the

principles articulated in *Strickland*, concludes that appellate counsel was deficient and that Petitioner was prejudiced by his deficiencies, and argues this Court should grant relief on that basis. However, under § 2254, Petitioner must demonstrate that the state's court's adjudication of his claim was contrary to, or an unreasonable application of established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Upon review of the record, I find Petitioner has not met this burden and, accordingly, habeas relief must be denied.

Upon review of the memoranda and exhibits, the PCR trial court made the following findings of fact that are relevant to the instant proceeding:

> 24. Petitioner received effective and adequate assistance of appellate counsel.
>
> * * *
>
> 26. There were no meritorious claims to be made about petitioner's sentence.
>
> 27. There were no meritorious issues to be raised about imposition of the Amended Judgment.

(Respt.'s Ex. 130 at 5.) These findings are presumed to be correct absent Petitioner presenting clear and convincing evidence to the contrary. § 2254(e)(1). Petitioner has not met this burden, and reviewing the record upon which the PCR court made its findings, this Court does not find any evidence that the PCR court acted unreasonably.

9 - OPINION AND ORDER

In the PCR proceedings Petitioner did not dispute that the sentencing court verbally imposed a combination of consecutive and concurrent sentences for a total of 290 months imprisonment. Nor did he allege the original judgment correctly reflected the orally imposed sentences. Moreover, a review of the sentencing transcript leads to the conclusion the sentencing court carefully considered the issue of concurrent and consecutive sentencing and was very deliberate in imposing a combination of consecutive and concurrent terms of imprisonment. It is also clear that the prosecutor sought the court's permission to file an amended judgment that would reflect the court's verbal pronouncement of consecutive terms that he was unable to include on the form available at the time. Petitioner's attorney did not object to this request, and the court granted it. At the time the original judgment was signed, it was clear to all parties that the judgment did not accurately reflect the orally imposed sentences and was to be corrected.

The PCR court considered Petitioner's argument that the sentencing court did not have jurisdiction to amend the judgment to reflect its consecutive sentencing. In finding there were no meritorious issues to be raised regarding the Amended Judgment, the PCR court rejected Petitioner's argument, and the underlying determination on the question of the sentencing court's jurisdiction to issue the Amended Judgment was one of state law that this court will not re-examine. See Estelle v. McGuire, 502

10 - OPINION AND ORDER

U.S. 62, 67-68 (1991); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002).

Upon review of the record, the Court concludes Petitioner has not shown it was contrary to, or an unreasonable application of established federal law for the PCR court to deny Petitioner relief on his claim of ineffective assistance of appellate counsel. Accordingly, Petitioner is not entitled to habeas relief.

## CONCLUSION

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 25 day of March, 2010.

Owen M. Panner
United States District Judge

11 - OPINION AND ORDER